# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THOMAS HOWARD HULL,

        Petitioner,

vs.

EARL HOUSER,

        Respondent.

Case No. 3:21-cv-00031-RRB

## ORDER OF DISMISSAL

Thomas Howard Hull, representing himself from Goose Creek Correctional Center, filed a habeas petition under 28 U.S.C. § 2241, claiming that the state court is violating his constitutional rights, and in particular, his right to a speedy trial, in his state criminal case.[1] Mr. Hull declined to be represented by counsel, and a response has been filed.[2] The petition is now at issue.

The Court takes judicial notice[3] that Mr. Hull was arraigned on May 8, 2019, on felony charges of sexual abuse of a minor; that his felony criminal case

---

[1] Docket 1; *State of Alaska v. Thomas Howard Hull*, Alaska Superior Court Case No. 3AN-19-04256CR. Mr. Hiratsuka also filed "related documents" at Docket 4.

[2] Dockets 9, 11.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South*

in the Superior Court for the State of Alaska is still ongoing; and that he remains incarcerated.[4] Moreover, Mr. Hull moved for a dismissal of the charges against him in his state criminal case, claiming the violation of his right to a speedy trial, and appealed the denial of his motion.[5] His appeal is now pending in the Court of Appeals for the State of Alaska.[6]

The Supreme Court for the State of Alaska and its Chief Justice have issued Special Orders regarding COVID-19 and criminal jury trials. Trials involving both felonies and misdemeanors are now being held, after being postponed beginning on March 15, 2020, when Alaska's speedy trial rule was suspended.[7] In the spring and summer of this year, vaccinations for COVID-19 were being given to Alaskans in more significant numbers,[8] and trials gradually resumed.[9]

---

*Coast Air Quality Management Dist*., 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[4] *See State of Alaska v. Thomas Howard Hull*, Alaska Superior Court Case No. 3AN-19-04256CR, on line at https://records.courts.alaska.gov/eaccess/search; *see also* https://vinelink.vineapps.com/search/persons.

[5] *See Alaska v. Hull*, 3AN-19-04256CR.

[6] *See Thomas Hull v. State of Alaska*, A-13859, appellate-records.courts.alaska.gov.

[7] *See* http://www.courts.alaska.gov/covid19/index.htm#socj (*see, e.g*., 6/21/21 Order No. 8289, and 3/15/20 Order No. 8130).

[8] *See id*.; https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (as of 7/6/21, 639,138 Covid-19 vaccine doses had been given in Alaska).

[9] *See* http://www.courts.alaska.gov/covid19/index.htm#socj.

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[10] A petitioner may properly challenge state pretrial detention under § 2241.[11] But a court must "promptly examine" a habeas petition, and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...."[12] In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[13]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[14] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[15] 28 U.S.C. §

---

[10] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[11] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

[12] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[13] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[15] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (*quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

2241 provides federal courts with general habeas corpus jurisdiction[16] over a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[17] However, as explained below, Mr. Hull's federal petition is premature.

I. **Appropriate Relief**

Section 2241 is the proper avenue for a state prisoner who wishes to challenge state custody without a state judgment.[18] For relief, Mr. Hull requests: "Dismiss with Prejudice and release me from Unconstitutional Incarceration."[19] A speedy trial claim may be reviewed under § 2241 if a pretrial detainee is seeking to compel the state to bring him to trial, but federal courts do not address the merits underlying the state charges.[20] In this case, Mr. Hull is in the process of exhausting his state remedies as to his claims, and the Court must abstain from intervening.

---

[16] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[17] 28 U.S.C. § 2241(c)(3).

[18] *Stow*, 389 F.3d at 886 ("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment- for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

[19] Docket 1 at 8.

[20] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted); *McNeely,* 336 F.3d at 832 ("Because his Sixth Amendment right to a speedy trial has been violated, Petitioner should be immediately released from custody with prejudice to re-prosecution of the criminal charges. *See Strunk v. United States,* 412 U.S. 434, 439–40 … (1973) (holding that violation of Sixth Amendment speedy trial rights requires dismissal)."); *Stow,* 389 F.3d 880 (affirming habeas relief for state pre-trial detainee who claimed double

## II. Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[21] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[22] And the Ninth Circuit Court of Appeals has "specifically rejected … the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration."[23]

As recently explained by the Court of Appeals for the Ninth Circuit, when addressing the suspension of criminal jury trials and the right to a speedy trial:

> The global COVID-19 pandemic has proven to be extraordinarily serious and deadly. In response, many state and local governments entered declarations curtailing operations of businesses and governmental entities that interact with the public. Beginning on

---

jeopardy); *Dominguez v. Kernan*, 906 F.3d 1127 (9th Cir. 2018) (a state pretrial detainee should bring federal double-jeopardy challenge under § 2241).

[21] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[22] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'").

[23] *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) (citing *Carden,* 626 F.2d at 84).

March 13, 2020, the Central District of California—in light of the exigent circumstances brought on by the pandemic and the emergencies declared by federal and state officials—issued a series of emergency orders….

Each order was entered upon unanimous or majority votes of the district judges of the Central District with the stated purpose "to protect public health" and "to reduce the size of public gatherings and reduce unnecessary travel," consistent with the recommendations of public health authorities.[24]

Neither bad faith nor harassment constituted any part of the decision to suspend criminal jury trials in Alaska,[25] following emergency declarations issued by the Governor of the State of Alaska and the President of the United States.[26]

---

[24] *United States v. Olsen*, 995 F.3d 683, 687 (9th Cir. 2021) (citations omitted) ("The [Federal] Speedy Trial Act and our case law are silent as to what non-statutory factors district courts should generally consider. Nevertheless, in the context of the COVID-19 pandemic, we find relevant the following non-exhaustive factors: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial." *Id.* at 692 (citation omitted)).

[25] Although, at Docket 1 page 2, Mr. Hull mistakenly relies in part upon the federal Speedy Trial Act, 18 U.S.C. § 3161(h), the Sixth Amendment to the United States Constitution provides a right to a speedy trial, *Olsen*, 995 F.3d at 686, and Alaska also has a speedy trial rule, Alaska Criminal Rule 45.

[26] *See, e.g.*, http://www.courts.alaska.gov/covid19/docs/socj-2020-8130.pdf (3/15/20 Special Order No. 8130 of the Chief Justice of the Alaska Supreme Court: "On March 11, 2020, Governor Dunleavy issued a Public Health Disaster Emergency due to the potential spread of the novel coronavirus disease. On March 13, President Trump declared that the novel coronavirus outbreak constitutes a national emergency. On March 13, Governor Dunleavy issued a mandate closing all public schools statewide ..."); *see also* https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (as of 7/6/21,

A federal court

must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[27]

The abstention "doctrine requires dismissal of a habeas petition that prematurely raises a Speedy Trial defense to state prosecution."[28] The State of Alaska has an important interest in enforcing its criminal laws and proceedings, and Mr. Hull's state criminal proceedings are ongoing.[29]

This Court should not interfere with the state trial and appellate courts' legal responsibilities and decisions in the case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[30] Mr. Hull is currently litigating his

---

over 33 million Covid-19 cases and over 600,000 deaths in the U.S.; 68,478 Covid-19 cases and 370 Alaska resident deaths; and nearly 4 million Covid-19 deaths reported worldwide).

[27] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[28] *Brown,* 676 F.3d at 903.

[29] *See Alaska v. Hull,* Case No. 3AN-19-04256CR.

[30] *Page,* 932 F.3d at 903.

claims in the state courts, and his appeal is pending.[31] Thus, federal intervention is not necessary, and this Court must abstain.

### III. Exhaustion

Exhaustion is required under common law before bringing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241.[32] Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless extraordinary circumstances warranting federal intervention prior to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[33] This Court

---

[31] *Alaska v. Hull*, 3AN-19-04256CR; *Hull v. Alaska*, A-13859.

[32] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted available state remedies); *Stow*, 389 F.3d at 886; *Reem*, 2017 WL 6765247, at *2 ("The exhaustion requirement addresses the same concerns of comity between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225–26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.').").

[33] *Carden*, 626 F.2d at 83–85.

should only address Mr. Hull's speedy trial claim, if at all, after he completes fully exhausting his state court remedies.[34]

Therefore, **IT IS HEREBY ORDERED**:

1. This case is DISMISSED without prejudice to pursuing appropriate claims and appeals in the state criminal proceedings.

2. All outstanding motions are DENIED.

3. The Court, having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, DENIES a certificate of

---

[34] *See, e.g., Stack*, 342 U.S. at 6–7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, … 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial.… Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

appealability.³⁵ Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.³⁶

    4.    The Clerk of Court shall file a Judgment accordingly.

Dated at Anchorage, Alaska, this 14th day of July, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

³⁵ 28 U.S.C. 2253(c):
   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
      (a) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
   *See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (citation omitted); *see also Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir. 2009) ("We conclude that the mere fact that a habeas petition is filed pursuant to § 2241(c)(3) does not exempt that petition from § 2253(c)(1)(A)'s COA requirement.").
   For the reasons set forth in this Order, Mr. Hull has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the district court's resolution, or that he deserves encouragement to proceed further. *Banks*, 540 U.S. at 705. Mr. Hull has not been incarcerated for a substantial time under federal law, especially considering the pandemic that delayed criminal proceedings nation-wide, and Mr. Hull has the opportunity to litigate his claims in his state court proceedings.

³⁶ *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.